ALEXANDER IRVINE, Respondent, v. CHARLES B. WOOD et al., Appellants.

An unauthorized excavation in a street of a city for the benefit of adjoining premises is a nuisance, and all persons who continue or in any way become responsible for it are liable to any person who is injured thereby, irrespective of any question of negligence.

If the excavation is by license of competent authority, the one making it is bound to do it in a careful manner, and to see that it is properly and carefully eovered, so as to make the street as safe for passage as before. A liability attaches to whomsoever subsequently continues and uses it in an improper or unsafe condition. Notice of a defect which could be discovered by proper examination is not necessary in order to fix this liability.

Accordingly held that where a coal-hole had been excavated in the sidewalk of a city, and not properly covered, which coal-hole was used by a lessee of the premises for the benefit of which it was excavated, and to which it was appurtenant, and in consequence of the defective covering a person passing by fell through and was injured, that the lessee was liable separately or jointly with the lessor for the injuries resulting.

(Argued May 23, 1872; decided September term, 1872.)

APPEAL from judgment of the General Term of the Superior Court of the city and county of New York, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 4 Robt., 138.)

This action was brought to recover damages sustained by the plaintiff by falling into a coal-hole in the sidewalk in front of a house on Broadway, New York, in October, 1863.

The defendant, Fowler, was the landlord, and the defend-

ants, Wood, were the tenants of the premises 596 Broadway, in the city of New York. Fowler was not the owner of the fee of the premises, but had taken an assignment of a lease for twenty-one years, from one Higgins, who had a lease from the owners for that term, subject to a sub-lease made by Higgins to the defendants, Wood, for a term of five years. The defendants, Wood, paid rent to the defendant, Fowler.

The lease from the owner to Higgins, and which was assigned by the latter to the defendant, Fowler, was of the premises 596 Broadway, bounded by the south-easterly side of Broadway, *with the appurtenances.*

There was a coal-hole, opening on the sidewalk in front of the premises, and leading thence into a vault, which was a part of the demised premises occupied by Wood. Wood used the hole for putting in coal.

On the evening of the fifth of October, 1863, the plaintiff was walking down Broadway, and, while passing the premises in question, stepped on the edge of the iron cover of the coal-hole. It turned under his foot, his leg went into the hole, causing serious and permanent injury to the limb.

The cover of the hole was a smooth cast-iron plate, lying flat on the pavement, there being no groove in the stone to hold it in place. It had no chain or other means of fastening it from below.

The defendants, Wood, offered to prove a state of facts which would tend to show that the accident was caused by the original defective construction of the cover, and that such defective construction was never brought to the attention of the tenant, and was not discovered by any use of the hole by the tenant, with a view to asking the jury to find against the lessor and in favor of the tenant. To this evidence counsel for plaintiff, and also counsel for defendant, Fowler, objected, and the court sustained the objection, and defendants, Wood, excepted.

At the close of plaintiff's case, defendants, Wood, moved to dismiss the complaint on the grounds, that a joint action would not lie against defendants; that there was no proof

of negligence on their part, in the use of the hole, which led to the accident. The court denied the motion, and they excepted.

Defendants, Wood, offered to prove, as part of their case, that the construction of the cover of the coal-hole was imperfect originally, and the court excluded the offer; also, that they were not aware that the cover of the hole was out of order, and the court excluded this offer, and they excepted.

At the close of the evidence, defendants, Wood, renewed their motion to dismiss the complaint upon the same grounds as before, and also upon the additional ground that it did not appear that the coal-hole was a part of the premises occupied by them. The court denied the motion, and they excepted.

They then asked the court to instruct the jury that they were at liberty, if in their judgment the evidence would warrant it, to find a verdict against the landlord and in favor of the tenants. The court refused so to instruct the jury, and defendants, Wood, excepted.

The court then charged the jury that the defendants were liable to the plaintiff, and that the only question for their consideration was the amount of damages to be awarded to the plaintiff. There was no exception to the charge as made.'

The jury rendered a verdict for plaintiff, and thereon judgment was entered.

*B. K. Phelps* for the appellants. Defendants are not responsible for injuries resulting from the excavation. (*Congreve* v. *Smith* and *Congreve* v. *Morgan*, 18 N. Y., 79, 84.) The question whether defendants, Wood, continued the nuisance was a question of fact. (*Moore* v. *Goedel*, 34 N. Y., 527.) The evidence was sufficient to authorize the jury to find that the excavation was lawfully constructed. (*Chicago City* v. *Robins*, 2 Black., 418; *Creed* v. *Hartman*, 29 N. Y., 591, 597.) If lawfully constructed, it was not a nuisance unless negligently built or maintained. (*Leigh* v. *Westervelt*, 2 Duer, 618, 621; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y., 42; *Selden* v. *Del. and Hud. Canal Co.*, 29 id., 634.)

*A. A. Redfield* for the respondent. Whether the aperture was a nuisance *ab initio* or subsequently became so is of no consequence. (*Fash* v. *Third Ave. R. R. Co.*, 1 Daly, 148; *Hudson* v. *Mayor, etc.*, 9 N. Y., 163.) Defendant Fowler stood in the relation of landlord to the occupant of the premises and is liable. (*Anderson* v. *Dickie*, 26 How. Pr. R., 105; *Blunt* v. *Aiken*, 15 Wend., 52; *King* v. *Pedley*, 1 Adol. & El., 826; *People* v. *Erwin*, 4 Den., 129; *Congreve* v. *Smith*, 18 N. Y., 83; *Brown* v. *Cay. and Sus. R. R. Co.*, 12 id., 487; *Dygert* v. *Schenck*, 23 Wend., 446; *Cook* v. *N. Y. Floating Dock Co.*, 1 Hilt., 439, 444; *Davenport* v. *Ruckman*, 10 Bosw., 36; *Mayor* v. *Bailey*, 2 Den., 445; *Eakin* v. *Brown*, 1 E. D. Smith, 44; *Beckwith* v. *Griswold*, 29 Barb., 291.) Defendants, Wood, were liable, being in the use and occupancy of a nuisance. (*Congreve* v. *Smith*, 18 N. Y., 83; S. C., id., 84; *Brown* v. *Cay. & Sus. R. R. Co.*, 12 id., 187; *Leslie* v. *Pond*, 4 Taunt., 652; *Blunt* v. *Aikin*, 15 Wend., 522; *Eakin* v. *Brown*, 1 E. D. Smith, 44; *Davenport* v. *Ruckman*, 10 Bosw., 20.) They were guilty of a want of ordinary diligence in keeping it in repair. (*Rosewell* v. *Prior*, 10 Mod., 635; *Coupland* v. *Hardingham*, 3 Camp., 398; *Cheetham* v. *Hampson*, 4 J. R., 318; *Daniels* v. *Potter*, 4 Carr. & P., 266; *Staples* v. *Spring*, 10 Mass., 74.) The damages in the present case are not divisible; they are not several. (*Mitchell* v. *Milbank*, 6 T. R., 199; *Brown* v. *Allen*, 4 Esp., 158; *Bohnn* v. *Taylor*, 6 Cow., 313; *Wakeley* v. *Hart*, 6 Bin., 316, 319; *Bostwick* v. *Lewis*, 1 Day, 34; *Crawford* v. *Morris*, 5 Grat., 90; *Halsey* v. *Woodruff*, 9 Pick, 555; *Fuller* v. *Chamberlain*, 11 Metc., 503; *Bell* v. *Morrison*, 27 Miss., 68; *Hair* v. *Little*, 28 Ala., 236; *Bulkley* v. *Smith*, 2 Duer, 261; 1 id., 643.)

EARL, C. No one appeared upon the argument for defendant Fowler. He seems to have abandoned his appeal; and hence, as to him, the judgment must be affirmed by default, with costs. It remains, therefore, simply to be considered whether the judgment can properly be upheld against the defendants Wood.

These defendants did not allege, in their answer, that the coal-hole was constructed by any license from the proper city authorities. They simply put in issue the allegations in the complaint as to the condition of the hole, and their conduct in reference to it; and they did not ask the court to submit to the jury the question whether the coal-hole, and the cover over it, were constructed under a permit from the proper city authorities. Hence they are not in a position to claim here that the hole was authorized by competent authority. It may, then, be treated as a nuisance, being an unauthorized excavation in the street; and all persons who continued or in any way became responsible for it were liable to any person who might be injured thereby while traveling upon the street, irrespective of any question of negligence on their part. (*Congreve* v. *Smith*, 18 N. Y., 79; *Congreve* v. *Morgan*, id., 84; *Creed* v. *Hartman*, 29 id., 591.) In such cases the wrong consists not in any negligence, but in making or continuing the wrongful excavation in the street. But here there was proof that the cover to the hole was in an imperfect condition; that it was not properly fastened. This was not, upon the trial, disputed by the defendants Wood. But they claimed and offered to show that the cover was originally imperfectly constructed; and they claimed immunity because the imperfection was not caused by or known to them.

Even if this hole was excavated on the street by permission of competent authority, the persons who originally excavated it were bound to do it in a careful manner, and to see that it was properly and carefully covered, so as not to be perilous to travelers upon the street. They could get from the city authorities no license for carelessness. For in such case the city itself would be liable for the carelessness of its officers. (*Barton* v. *City of Syracuse*, 36 N. Y., 54.) And this liability attached not only to those who made the excavation, but to those who continued and used it in its improper and unsafe condition. If the defendants would use this hole as an appurtenance to their premises, it was their

duty to see that it was in proper repair; and they could not shield themselves from responsibility by claiming that their attention was not called to its imperfect condition. It was near their store, in plain view, and it was carelessness for them to occupy the store for months and to use the hole, which if not properly covered was dangerous to travelers, and not examine into and know its condition. It was their duty to know its condition, and they must be held to the same responsibility as if they had actually known it. In *McCarthy* v. *The City of Syracuse* (46 N. Y., 194), the action was to recover damages against the city, sustained by the plaintiffs, because a sewer was out of repair, and it was held that no notice to the city of the defect in the sewer was necessary to fix its liability. The learned judge, writing the opinion, says: " Its duty to keep its sewers in repair is not performed by waiting to be notified by citizens that they are out of repair and repairing them only when the attention of the officials is called to the damage they have occasioned by having become dilapidated or obstructed; but it involves the exercise of a reasonable degree of watchfulness in ascertaining their condition from time to time and preventing them from becoming dilapidated or obstructed." The same rule of active diligence should be applied to the persons who own or control and use coal-holes or other excavations in or under the streets of any city or village.

We are therefore brought to the same conclusion, whether we treat this hole as made and continued in the street without proper authority and hence an absolute nuisance, or whether we treat it as made and continued under proper authority and permitted to be and become out of repair.

This hole was clearly appurtenant to the premises leased by the defendants Wood. It communicated with their cellar and was used for access to it with coal. It matters not, if it be true, that other occupants of the premises could also use it. There is no proof that any one else did use it. They adopted it as appurtenant to their premises and used it, and this made them responsible for it. (*Brown* v. *Cayuga & S.*

*R. R. Co.*, 12 N. Y., 486; *Blunt* v. *Aikin*, 15 Wend., 522; *Davenport* v. *Ruckman*, 10 Bosw., 20.). Each one of several persons who continue a nuisance is responsible for it, and he may, as in all cases of wrong, be sued alone or with the other wrong-doers.

It is claimed that these defendants had no right to abate the nuisance, and hence should not be made responsible for its continuance. If it was in the street without authority, and hence an absolute nuisance in front of their store, they did have the right to abate it. They could have filled up the hole, or covered it over with solid masonry. If the hole was properly and rightfully there, they could escape responsibility by putting and keeping a proper cover over it.

Hence I can perceive no reason upon the undisputed facts of the case for not holding the defendants, Wood, responsible for the damages occasioned by this nuisance. So long as they were thus responsible, they have no just ground of complaint that their landlord has also been held liable with them. But there can be no doubt that they were properly sued together. The landlord rented the nuisance and took rent for it. The tenants used it and paid rent, and hence they must all be considered as continuing and responsible for the nuisance. (*King* v. *Pedley*, 1 Adol. & Ellis, 822; *Anderson* v. *Dickie*, 26 How. Pr. R., 105; *People* v. *Erwin*, 4 Den., 129.)

These views cover all the points argued on behalf of the appellants, and call for an affirmance of the judgment, with costs.

All concur.

Judgment affirmed.