CHARLES W. CLIFFORD, Respondent, v. ANDREW J. DAM et al., Appellants.

The public are entitled to an unobstructed passage upon the streets, including the sidewalks of a city.

A hole in a sidewalk, communicating with a coal vault beneath, is an obstruction.

*It seems*, that in an action to recover damages for injuries occasioned by falling through such an opening, it is not necessary to prove negligence on the part of the defendant; nor, in the first instance, want of contributory negligence on the part of plaintiff. The action is not based upon negligence but a wrongful act, and all that is necessary for plaintiff to

prove to make out a cause of action is, the existence of the hole, defendants' responsibility therefor, and that in passing plaintiff fell into it.

When permission is given by a municipal authority to thus interfere with a sidewalk, solely for private use and convenience, the person obtaining the permission must see to it that the street is restored to its original safety and usefulness.

In an action to recover damages for injuries received by plaintiff in consequence of falling through a coal hole in the sidewalk, in front of defendants' premises, the answer was a general denial. Defendants offered to prove on the trial that they had obtained the usual permit from the proper authorities, authorizing the construction of the vaults under the walk and the coal hole. This was objected to and excluded on the ground, among others, that it was not pleaded. *Held*, no error, that, if a permit was material, it could only be to mitigate the act from an absolute nuisance to one involving care in the construction and maintenance; that it was necessary not only to plead it but to allege and prove a compliance with its terms, and that the structure was properly made and maintained to secure the same safety to the public that the sidewalk would have done without it.

(Argued April 8, 1880; decided April 20, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries sustained by plaintiff from falling through a coal hole in the sidewalk in front of defendants' premises in the city of New York, into the vault below.

Plaintiff's evidence was to the effect that the coal hole was covered with an iron disc which fitted into a groove. Plaintiff in passing stepped upon this disc, it fell off, and plaintiff was precipitated into the vault.

The facts pertinent to the questions discussed are set forth sufficiently in the opinion.

*Nathaniel C. Moak* for appellants. Under a general denial the defense may contradict the plaintiff's proof, and disprove the case made by him. (*Boomer* v. *Koon*, 6 Hun, 645, 646–647; *Schwarz* v. *Oppold*, 74 N. Y. 307, 309; *Hier* v. *Grant*, 47 id. 278; *McDowell* v. *Buffum*, 31 How. Pr. 154; *Harter* v. *Crill*, 33 Barb. 283; *Mack* v. *Burt*, 5 Hun, 28, 31;

*Booth* v. *Powers*, 56 N. Y. 22; *Garfield* v. *Mass.*, etc., 47 id. 430; *Andrews* v. *Bond*, 16 Barb. 630; *Evans* v. *Williams*, 60 id. 346; 1 Chitty's Pl. 482, 483; *Schermerhorn* v. *Van Allen*, 18 Barb. 29; *Beaty* v. *Swarthout*, 32 id. 293; Van Santv. Pl. [3d ed.] 565; *McKyring* v. *Bull*, 16 N. Y. 297; *Quin* v. *Lloyd*, 41 id. 349; *Manning* v. *Winter*, 7 Hun, 482; *Merrit* v. *Briggs*, 57 N. Y. 651; *Allis* v. *Leonard*, 46 id. 688; *Woodruff* v. *Cooke*, 25 Barb. 505; *Irvine* v. *Wood, supra*, 51 N. Y. 228; *Sexton* v. *Zett, supra*, 44 id. 430; *Selden* v. *D. and H. C. Co.*, 29 id. 640.) The doer of an unauthorized act from which injury results is liable without proof of negligence. (*Nugget* v. *Schenck*, 23 Wend. 446; *Ellis* v. *Sheffield's Gas Consumers' Co.*, 2 E. and B. 767; *Brownlow* v. *Metropolitan Board of Works*, 10 C. B. [N. S.] 765; *Congreve* v. *Smith,* 18 N. Y. 78; *Creed* v. *Hartman*, 29 id. 591; *Davenport* v. *Ruckman*, 37 id. 568; *Anderson* v. *Dickie*, 1 Robt. 238; *Ward* v. *Atlantic, etc.*, 71 N. Y. 81.) An act done under competent authority is rightful *per se*, and the doer of the act can be rendered liable for injury resulting therefrom, only upon proof of abuse or negligent exercise of his authority. (*Drew* v. *New River Co.*, 6 C. and P. 754; *Whitehouse* v. *Fellowes*, 10 C. B. [N. S.] 735'; *Hole* v. *Sittingbourne and Sheerness R. R. Co.*, 6 H. and N. 488; *Radcliff's Executors* v. *Mayor of Brooklyn, etc.*, 4 Comst. 195, 204; *Commonwealth* v. *City of Boston*, 97 Mass. 555; *Bellinger* v. *N. Y. Central R. R. Co.*, 23 N. Y. 42; *Sexton* v. *Zett*, 56 Barb. 119; *S. C.*, 44 N. Y. 430; *Irvin* v. *Wood*, 4 Robt. 138; *Irvin* v. *Fowler*, 5 id. 482; *Irvin* v. *Wood*, 51 N. Y. 224; 17 N. J. Eq. 75; 24 id. 49.)

*Samuel Hand* for respondent. Where one relies upon a license to do any act complained of, he is required under our present system of pleading, as he was under the old, to plead the license in his answer. (*Haight* v. *Bagley*, 15 Barb. 499; *Beaty* v. *Swarthout*, 32 id. 293; *Selden* v. *Del., etc., Canal Co.*, 29 N. Y. 634–639; *Irvine* v. *Wood*, 51 id. 228; *McKyring* v. *Bull*, 16 id. 297.) Even if the license had been pleaded,

and evidence of it properly offered, yet it should have been excluded as immaterial. (*Whalen* v. *Gloucester*, 6 N. Y. Sup. Ct. [T. & C.] 135; *Patton* v. *N. Y. Elevated R. R. Co.*, 3 Abb. [New Cas.] 306–324; *Sexton* v. *Zett*, 56 Barb. 119; *S. C.*, 44 N. Y. 420; *Jones* v. *Chantry*, 4 N. Y. Sup. Ct. [T. & C.] 63; *Wilson* v. *City of Watertown*, 5 id. 579; *McCamus* v. *Cit. Gas Light Co.*, 40 Barb. 380; *Irvine* v. *Fowler*, 5 Robt. 482; *Irvine* v. *Wood*, 51 N. Y. 224–229; *S. C.*, 4 Robt. 147; *Davenport* v. *Ruckman*, 16 Abb. 347; *Reinhard* v. *Mayor*, 2 Daly, 243.) The evidence offered by the plaintiff was sufficient to sustain the action and to prove negligence on the part of the defendants, if that proof were necessary. (*Mullen* v. *St. John*, 57 N. Y. 567; *Kearney* v. *London, etc., R. R. Co.*, 5 Q. B. 411; affirmed, 6 Q. B. 759; *Edgerton* v. *N. Y. & H. R. R.*, 39 N. Y. 227; *Clare* v. *Nat. City Bank*, 1 Sweeney, 539; *Baldwin* v. *U. S. Tel. Co.*, 45 N. Y. 744, 751; *Walker* v. *Erie R. R. Co.*, 63 Barb. 266; *Wolkiel* v. *Sixth Ave. R. R. Co.*, 38 N. Y. 49.) It was not necessary to prove negligence. (*Congreve* v. *Smith*, 18 N. Y. 79; *Congreve* v. *Morgan*, 18 id. 84; *Creed* v. *Hartman*, 29 id. 591; *Davenport* v. *Ruckman*, 16 Abb. 341; affirmed, 37 N. Y. 568; *Anderson* v. *Dickie*, 1 Robt. 238; *Irvine* v. *Wood*, 4 id. 138; affirmed, 51 N. Y. 224; *Baxter* v. *Warner*, 6 Hun, 585; *Irvine* v. *Fowler*, 5 Robt. 482; *Frenoe* v. *Jackson*, 15 Abb. [N. S.] 115–127.) Whether there was contributory negligence was a question of fact for the jury to decide. (*Baxter* v. *Warner*, 6 Hun, 585; *Bliss* v. *Schaub*, 48 Barb. 339; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 314; *Hill* v. *Seekonk*, 119 Mass. 85, 89; *Johnson* v. *Hudson R. R. Co.*, 20 N. Y. 65; *Ernst* v. *Hudson R. R. Co.*, 35 id. 10; *Moody* v. *Osgood*, 54 id. 493; *Clancy* v. *Byrne*, 56 id. 129, 137; *Evans* v. *City of Utica*, 4 N. Y. Weekly Dig. 341; *Davenport* v. *Ruckman*, 16 Abb. 341–351; *Reinhart* v. *Mayor*, 2 Daly, 250; *N. Y. Express Co.* v. *Nichols*, 33 N. J. Law, 440; *Congreve* v. *Morgan*, 18 N. Y. 79; *Irvine* v. *Wood*, 4 Robt. 138.)

CHURCH, Ch. J.   The only questions which seem to have been raised by proper exceptions on the trial, relate to the rejection of evidence of a permit to make the excavation and construct the coal hole.   The defendants' counsel asked a witness whether he recollected obtaining any privilege to put vaults under the sidewalk adjoining the hotel.   This was objected to on the ground that no license had been pleaded, and because immaterial and irrelevant.   It was then offered to show that the usual permit had been obtained from the proper authorities in the city of New York authorizing the construction of the vaults under the sidewalk with the openings therein. The witness stated that the permit was in writing, and it was further objected that it should be produced.   The court then said : "I exclude the proposed evidence."   The evidence might have been excluded upon the ground that the best evidence should be produced, but taking what occurred, especially in connection with the charge (which was not properly excepted to), it is fair, I think, to assume that the court intended to reject the evidence as incompetent, because not pleaded, or as immaterial.   We are of opinion that it should have been pleaded, and concur with the General Term.   The public are entitled to an unobstructed passage upon the streets, including the sidewalks of the city, but a structure such as that proved in this case was an obstruction.   It was sufficient for the plaintiff to prove that, in passing along the sidewalk, he was injured by this structure which was appurtenant to defendants' premises. It was not necessary to prove negligence.   The action was not based upon negligence, but on a wrongful act, for which the defendants were responsible.   If a permit was material the effect of it would only be to mitigate the act from an absolute nuisance, to an act involving care in the construction and maintenance ; and to justify such a structure, it would be necessary not only to plead it, but also to allege and prove a compliance with its terms, and that the structure was properly made and maintained, to secure the same safety to the public, that the sidewalk would have secured without it.   When permission is given, by a municipal authority, to interfere with a street

solely for private use and convenience in no way connected with the public use, the person obtaining such permission must see to it, that the street is restored to 'ts original safety and usefulness. Whatever the plaintiff is required to prove to establish his cause of action, the defendant may disprove under a general denial. This is the general rule. Applying that rule it is quite clear that the plaintiff was not bound to prove, in the first instance, any thing except the existence of a hole in the sidewalk for which the defendants were responsible, and that in passing along the sidewalk he fell into it. It was not even necessary, in the first instance, that he should prove a want of contributory negligence, for the reason that the action is not founded upon negligence, but upon a wrongful act. If there was any justification for the act, it was incumbent upon the defendants to allege and prove it. If the plaintiff caused the injury himself, as if he voluntarily jumped into the hole, he could not recover; but he was bound to no special care to avoid such an accident. The public have a right to assume that these structures are as safe as any other portion of the sidewalk.

The case proved was amply sufficient to warrant the verdict, which was not excessive, and no legal error was committed, justifying a reversal of the judgment, and it should be affirmed.

All concur, except MILLER, J., absent; FOLGER and EARL, JJ., concurring in result.

Judgment affirmed.