## SUPREME COURT.

MARGARET A. DICKINSON agt. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

*Limitations, statute of — Action against city for damages for injuries sustained from falling upon crosswalk by reason of accumulation of ice and snow — What period of limitation applies — Code of Civil Procedure, sections 382, 383.*

In a suit against the city for damages for injuries sustained from falling upon a crosswalk in which the complaint alleges that defendant, notwithstanding it was its duty to keep the streets in good order and repair and not to suffer the ice or snow to remain in such condition on the crosswalks as to make it unsafe and dangerous for foot passengers, had improperly, carelessly, negligently and unlawfully suffered ice and snow to remain upon the crosswalk where plaintiff fell, in such a condition as to render it dangerous for ordinary use:

*Held* (upon demurrer to answer setting up statute of limitations), that subdivision 5 of section 383 of the Code of Civil Procedure prescribing a

limitation of three years for actions based upon negligence does not apply, and that defendant's alleged neglect in suffering ice and snow to remain on the crosswalk so as to be unsafe and dangerous to foot passengers was a wrongful act within the purview of section 382 prescribing six years as a limitation to actions arising for such cause.

*Special Term, December,* 1881.

*Clifford A. H. Bartlett,* for demurrant.

*William C. Whitney* and *D. J. Dean,* for respondent.

LARREMORE, *J.* — The complaint avers (*inter alia*) that it was the duty of the defendant to keep and maintain the streets and avenues of the city in good order and repair and not to suffer the ice or snow to be or remain in such a condition on the crosswalks thereof as to make it unsafe and dangerous for foot passengers; that, notwithstanding its said duty, the defendant at and for a long time prior to January 10, 1877, improperly, carelessly, negligently and unlawfully suffered ice and snow to be and remain upon the crosswalks on the east side of Eighth avenue at the intersection of Eighteenth street, in the city of New York, in such a condition as to render it dangerous for ordinary use; that on the day last named the plaintiff while lawfully passing over and upon such crosswalk, and without any fault on her part, was suddenly thrown down fracturing her thigh, in consequence of which injury and the pain and suffering incident thereto she has sustained damages in the sum of $15,000; that on April 28, 1881, she presented the claim upon which this action is brought, in writing, to the comptroller of the city of New York and demanded payment thereof; that thirty days have elapsed and the same has not been paid.

The defendant answered denying the facts alleged for want of sufficient information and belief, and setting up as a defense contributory negligence and the statute of limitations; that more than three years have elapsed since the alleged cause of

action arose. To which last mentioned defense the plaintiff demurs.

Counsel for the defendant insists that the ground of the action is negligence, and that subdivision 5 of section 383 of the Code of Civil Procedure applies. On the contrary, it is urged that the damages sought to be recovered are based upon the unlawful act of the defendant in allowing its public thoroughfares to become impassable and dangerous, and that the personal injury complained of is clearly within the meaning and contemplation of subdivision 3 of section 382, as explained and defined by subdivision 9 of section 3343 of the Code of Civil Procedure.

Section 382 embraces within its limitations what section 92 of the old Code did not, viz., an action for a personal injury, except in a case when a different period is expressly prescribed. Section 383 provides for a personal injury resulting from negligence. The inquiry therefore will be, under which section the present action belongs.

In *Irvine* agt. *Wood* (51 *N. Y.*, 224) it was decided that an excavation in a street of a city for a coal hole not properly covered and protected was a nuisance, and a person injured thereby could recover for such injury irrespective of any question of negligence. To the same effect is the ruling in *Clifford* agt. *Dam* (81 *N. Y.*, 52). The theory established is that an action may be predicated upon a wrongful act without proof of negligence.

If it was the duty of the defendant not to suffer ice or snow to be or remain on the premises in question so as to be unsafe and dangerous to foot passengers, then its alleged neglect in this respect was a wrongful act within the purview of section 382 prescribing six years as a limitation to actions arising for such cause.

The demurrer should be sustained.