CATHARINE JENNINGS, Respondent, *against* HENRY VAN SCHAICK, Appellant.

(Decided February 1st, 1886).

In an action against the owner of a building in the City of New York, for damages for personal injuries sustained by plaintiff by falling into a coal-hole in the public sidewalk in front of the building, it appeared that the coal-hole had been maintained, for nearly eighteen years, in its position on the inner part of the sidewalk of a crowded thoroughfare, without any permission or license therefor, and that it was left unprotected by any crib or curb while open; that at the time of the injury to plaintiff it was open and used for the purpose of putting in coal on behalf of lessees of the premises from defendant; and that the janitor of the building, who was an employé of defendant as well as of the lessees, was present when the hole was opened, and did nothing to render it secure while in use. *Held*, that defendant and his lessees were all responsible for continuing the nuisance, and the fact that the injury occurred by reason of the tenants' use of the coal-hole, not the defendant's, was not ground for a motion by him to dismiss the complaint, or for exceptions to the judge's charge.

The provisions of the ordinances of the City of New York requiring the inclosure of openings on the sidewalk by a box or crib are not to be construed as implying that such box or crib shall not be in place when the opening is in actual use.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*A. H. Stoiber*, for appellant.

*Jeroloman & Arrowsmith*, for respondent.

BOOKSTAVER, J.—This is an action brought to recover damages sustained by the plaintiff by reason of falling into a coal-hole in the sidewalk on defendant's premises.

The action has been twice tried, and the first time resulted in a verdict for the plaintiff for $10,000 damages, which was set aside by the General Term as being excessive. Upon the second trial she recovered $4,000, and the defendant does not claim that this amount is too great.

At the close of the plaintiff's case the defendant's counsel moved for the dismissal of the complaint, and upon argument here strenuously insisted that the judgment should be reversed and a new trial ordered, because the verdict was against the weight of evidence.

We have examined the testimony with care, and while, if the jury had found a verdict for the defendant, we would not have disturbed it, yet, in view of the positive testimony of the plaintiff, although somewhat confused in part, we think there was enough evidence on her part to go to the jury, and they, having a second time found a verdict in her favor upon all the issues, and the defendant not claiming that the verdict is excessive, we will not interfere with their finding as to the facts.

The defendant contends that the complaint should have been dismissed, because the evidence shows gross negligence on the part of the plaintiff, and that, at the time of the accident, the coal-hole was not in the use or occupation or under the control of the defendant, but that it was opened and used on behalf of the lessees of the premises, for the purpose of putting in coal, and that the accident occurred while in such use and under such control.

The defendant failed to show that any permission was ever given to construct the coal-hole or vault under the sidewalk.

It is the well settled law of this state that the public are

entitled to an unobstructed passage upon the streets, includ-
ing the sidewalks ; also that a coal-hole in the sidewalk is
an obstruction ; and that in such cases it is sufficient for
the plaintiff to prove that in passing along the sidewalks
she was injured by such a structure, if appurtenant to the
defendant's premises, and it is not necessary to prove
negligence ; also that one who passes along the sidewalk
has the right to assume that such structures are as safe as
the sidewalk. He is not called upon to anticipate danger,
and is not negligent for not being on his guard. No one is
bound to anticipate the existence of such an obstruction or
to look for it, although it is visible (*McGuire* v. *Spence*, 91
N. Y. 303 ; *Irvine* v. *Wood*, 51 N. Y. 224 ; *Swords* v. *Edgar*,
59 N. Y. 28, 34 ; *Clifford* v. *Dam*, 81 N. Y. 52–56).

It is also the well settled law of this state that whoever,
without special authority, materially obstructs the streets,
is guilty of a nuisance, and individuals sustaining special
damage from it, without any want of due care to avoid in-
jury, have a remedy by action (*Congreve* v. *Smith*, 18 N. Y.
79–82 ; *Congreve* v. *Morgan*, Id. 85 ; *Creed* v. *Hartmann*,
29 N. Y. 597 ; *Irvine* v. *Wood*, *supra*).

Where there has been a nuisance of continued existence
upon demised premises, both the lessor and the lessees are
liable for damages resulting therefrom (*Irvine* v. *Wood*,
*supra ; Swords* v. *Edgar*, *supra*).

It appears from the record that the janitor of the build-
ing, an employé of the defendant as well as of the tenants,
was present when the coal-hole was opened, and did nothing
to render it secure while in use.

Under the circumstances of this case—the coal-hole hav-
ing been maintained for nearly eighteen years, without any
permission or license therefor, on the inner part of the side-
walk of a crowded thoroughfare, and having been left un-
protected by any crib or curb while open, and this having
been known to the employé of the defendant and owner—
the latter is liable to the plaintiff in this action. It is true
the accident could not have happened but for the fact that
the coal-hole was opened for the use of the tenant ; but it is

also true that it could not have happened had not the landlord constructed and maintained the coal-hole, and rented the nuisance with the premises, and took rent for it. The tenants used it and paid rent for it, and hence they must all be considered as continuing and responsible for the nuisance, under the cases before cited, and the court properly refused to dismiss the complaint.

The foregoing reasons also dispose of the exceptions taken to the judge's refusal to charge as requested, upon the point that the accident occurred by reason of the tenant's use of the coal-hole, and not the defendant's.

The court charged the jury as follows :

"It is for the jury to say at the outset whether there was coal around the coal-hole sufficient to attract the attention of a person of ordinary prudence, and to give notice to the passer-by that there was an obstruction there. The plaintiff says there was no coal around the coal-hole ; the witnesses for the defendant say there was. The question for you at the beginning is, which do you believe."

The defendant excepted to this portion of the charge.

We cannot sustain this exception, because it appears from the evidence that the plaintiff had testified as stated by the trial judge in the charge.

The defendant requested the court to charge that "Section 197 of the ordinances put in evidence by the plaintiff, requiring the inclosure of openings on the sidewalk by a box or crib does not apply to a case where the opening, when open, is in actual use ;" and "There is no law or ordinance that requires that a coal-hole shall be inclosed with a strong box or crib, while the coal-hole is in actual ordinary use, for the purpose of getting coal into the house ;" which requests were refused.

We cannot agree with the defendant that the words of this section necessarily imply that the curb or crib should not be in place when in ordinary use, nor that it would prevent use. On the other hand, it is clear that if an open crib had been used in this case the accident complained of

could not have happened, while the object for which the hole was opened could have been accomplished.

Nor did the court err in permitting the witness Farley to answer the question, as to whether or not such box or crib was on the hole at the time he was using it. It was pertinent to the issues on trial.

This disposes of the exceptions argued by the defendant upon his appeal, and we find in none of them sufficient reason for a reversal of the judgment appealed from ; and it is therefore affirmed.

LARREMORE, Ch. J., and ALLEN, J., concurred.

Judgment affirmed.