### McPARTLAND *v.* THOMS.

*(City Court of Brooklyn, General Term.   January 28, 1889.)*

NEGLIGENCE—DANGEROUS PREMISES—NUISANCE—LIABILITY OF LESSEE.
   A lessee of the first floor of a building, who receives the benefit, as a part of the demised premises, of an awning over the sidewalk, which is there without a license from the city, maintains a nuisance, and is liable to one injured by its fall.

Appeal from trial term.

Action by Ann McPartland against Henry Thoms for personal injuries. There was a judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Robert Johnstone,* for appellant.   *Charles J. Patterson,* for respondent.

CLEMENT, C. J.   The plaintiff, a child of the age of seven years, was playing on the sidewalk in the evening of December 26, 1883, in front of premises occupied by the defendant on Degraw street in this city, when the wooden awning over such sidewalk fell by the weight of the snow, and she thereby sustained injuries, and to recover compensation therefor this action was brought.   The jury found a verdict for the plaintiff, and from the judgment entered thereon, and the order denying a new trial, this appeal is taken. This action was tried prior to the decision in the case of *Jennings* v. *Van Schaick,* 108 N. Y. 531, 15 N. E. Rep. 424, and a reversal is now asked on that authority.   The difficulty in such contention by the counsel for the appellant is that there was no exception taken which brings up the point decided in that case; but, even if the question was before us, we do not think that the authority would help the counsel, for the reason that a license on the part of the city authorities was not pleaded in the answer.   *Clifford* v. *Dam,* 81 N. Y. 52.   The defendant had occupied the first floor of the building as a grocery store for over two years prior to the time when plaintiff was injured, and received the benefits of the awning as a part of the demised premises, and, if such awning was there without a license from the city authorities, it was a nuisanse, because an encroachment on the highway, and we do not see that it makes any difference in the law whether the defendant was a tenant by the month or by the year, for he is held liable for the reason that he maintained a nuisance, and not because he failed to make repairs.   The exceptions at pages 21 and 22 of the case were not well taken, because the requests had no application, in view of the fact that the action was not brought for the negligence of the defendant.   The question of contributory negligence was properly submitted to the jury.   The judgment and order denying new trial must be affirmed, with costs.   All concur.