O’Goemak, J.
This is a demurrer to the plaintiff’s complaint, on the grounds that causes of action are improperly united in the complaint, and’that the complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them.
The action is brought on the equity side of the court for the purpose of obtaining equitable relief by way of injunction, perpetually restraining the defendants, and each qf them, from inflicting, or continuing to inflict, on the plaintiff the injuries to his real estate in Pearl street, which , are admitted by the demurrer.
One of the defendants, the New York Elevated Railroad Company, inflicted the first trespass on the property of the plaintiff in the proceedings taken by it in the construction of the elevated railroad upon his said real estate.
That defendant, before any use was made of the structure, and on or about the 20th day of May, 1879, leased the structure so erected to the second defendant, the Manhattan Railway Company, and the said second defendant has occupied the said structure and used it for the transit of its cars since that time, inflicting, as well by the continuance of said structure as by its use of the same, trespasses on the plaintiff’s property.
The purpose of the action is to obtain equitable relief preventing, forever, the recurrence and continuance of these trespasses.
This is the relief prayed for.
In order to enable the court effectually to give this perpetual relief, it was necessary that all parties having_a substantial interest in the title to the structure and. its use should be made parties. Chenango Bridge Co. v. Lewis, 63 Barb., 115.
Thus it was proper and necessary that the lessor, as well as the lessee, should be made parties, so that the person entitled to possession of the structure, in case of termination of the lease for any cause, should be affected by the judgment of the court, perpetually restraining the continuance of the trespass. Taylor v. Met. R. R. Co., 50 Supr. Ct., 340; Chenango Bridge Co. v. Lewis (supra), 114, 115; Irvine v. Wood, 51 N. Y., 224, 230.
I see no reason to regard the uniting the causes of action here as constituting ground of demurrer.
The action is not brought in form or in essence to re *905 cover damages from either of the defendants, nor is that the main or principal cause or purpose of this action.
The purpose of the action was clearly to obtain equitable relief enjoining, forever, the commission of the trespass begun by one of the defendants, and continued by the other.
A court of equity having acquired jurisdiction of the defendants, and being justified in granting the equitable relief by way of injunction, against them, as prayed for, had the power to grant also, as incidental relief, a judgment for such damage to plaintiff’s property as had been inflicted by the defendants, or either of them, to make payment of the amounts found to be proper compensation for damages, part of the conditions it might impose for withholding its equitable relief. Uline v. R. R , 101 N. Y., 121, 123; Pond v Metropolitan Elevated R. R., 112 id., 186, 188, 190; 20 N. Y. State Rep., 479; Williams v. N. Y. C. R. R. Co., 16 id., 111, and Henderson v. N. Y. C. R. R. Co., 78 id., 428-31, 434, 436-7, et seq.
This course, a court of equity is justified in taking, in order to prevent multiplicity of actions, and grant in the one suit such ample, and comprehensive relief as will put an end to unnecessary litigation. Henderson v. N. Y. C. R. R. Co. (supra), p. 431.
The learned counsel for the defense justifies his demurrer on the theory that this is an action at law, brought mainly and directly to obtain payment of damages inflicted.
The form and substance of the complaint, however, do not sustain that contention.
The complaint, in its statements of facts, is necessarily and to a great extent narrative, but the cause of action is one, and applicable to each defendant, as is also the main relief asked for.
The facts, as alleged and admitted by the demurrer, sufficiently show the plaintiff’s right to a perpetual injunction against both and each of the defendants — against the Manhattan Railway, because of its present occupation and use of the structure to the damage of the plaintiff, and against the defendant, the New York Elevated Railroad, by reason of its continuing title in the structure as lessor, and its possible possession, on the cessation of the lease, which, by its terms, must occur at a fixed and stated period, and may possibly occur at an earlier period.
The fact that the time for the termination of the lease, is by the terms of the lease itself, remote, does not make any material difference in this action, in which the injunction sought for by the plaintiff, is perpetual.
These views of this contention are in my opinion well sustained by the authorities above referred to, and numerous other authorities.
*906 The demurrer must be overruled, with costs, but with leave to answer within twenty days from this date.