(13 Misc. Rep. 139.)

### KUECHENMEISTER v. BROWN et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. **NUISANCE—PLEADING.**
   The complaint in an action to recover for injuries received by falling into an opening in a sidewalk in front of premises occupied by defendant as lessee alleged that the opening was appurtenant to and used by defendant in connection with the demised premises, and that it was so used and maintained by him without lawful authority. *Held*, that the complaint alleged a cause of action for a nuisance, and it was immaterial that it also alleged that defendant was "negligent" in regard to the use of the opening.

2. **SAME—PLEADING AND PROOF.**
   In an action to recover damages caused by maintaining an alleged nuisance in the street, defendant may, under a general denial, prove that the city had consented to the acts alleged to constitute the nuisance. Pryor, J., dissenting.

3. **SAME—COAL HOLE IN SIDEWALK—CONSENT OF CITY.**
   Where the occupant of premises in a city has maintained a coal hole in a sidewalk for "upwards of a year," the consent thereto of the city will be inferred. Pryor, J., dissenting.

Appeal from trial term.

Action by Johanna Kuechenmeister against Vernon H. Brown and another, impleaded, for personal injuries alleged to have been sustained by plaintiff from a fall into an insecurely covered vault or cellar opening, which was situated in the sidewalk of certain premises of which defendant was lessee. The complaint was dismissed for insufficiency of proof, and plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Chas. Goldzier, for appellant.
Ira D. Warren, for respondent.

BISCHOFF, J. The complaint alleged that on January 22, 1892, in the city of New York, the plaintiff sustained personal injury from a fall into a vault or cellar opening in the sidewalk in front of certain premises which were at the time in the possession and occupancy of the defendant respondent as lessee; that the opening was appurtenant to and used by the defendant respondent in connection with the demised premises; and that it was so used and maintained by him without lawful authority. The action, therefore, was one to recover damages which resulted, as alleged, from the main-

tenance of a nuisance. That it was accompanied by allegations of the defendant's neglect with regard to the use of the opening, and of the absence of due care in keeping it securely closed, did not constitute the action exclusively one for negligence, such allegations being relevant to the predicament of a nuisance (Morris v. Barrisford, 9 Misc. Rep. 14, 29 N. Y. Supp. 17); and assuming that the complaint sufficiently averred a cause of action for negligence, as well as one for the maintenance of a nuisance, we can, in view of the absence of the plaintiff's election, only then affirm the accuracy of the judgment appealed from if we find upon examination that the evidence adduced upon the trial supported neither cause.

We readily accede to the view of the learned trial judge, and the contention of the defendant's counsel, that the evidence fell short of showing any negligence whatever, either on the part of the defendant or of his servants; and the plaintiff's counsel does not contend to the contrary upon this appeal. It is insisted, however, that there was ample proof of the defendant's liability for the maintenance of a nuisance. The proof consisted wholly of the testimony of two witnesses called for the plaintiff,—herself and the defendant. The plaintiff testified only to the facts of her fall into the vault or cellar opening in the sidewalk in front of the premises occupied by the defendant, the condition of the covering at the time, and the resultant injury to her. Thereupon the defendant testified, and he remained uncontradicted, that he did not construct the opening in the sidewalk, and that it existed at the time he went into possession of the premises, which was one year before the accident complained of. He also admitted that he was at the time of the accident, and for the whole of the year immediately preceding, in the possession and occupancy of the premises, and that during that time he had availed himself of the use of the opening in the sidewalk for the storage of coal in the cellar of the premises occupied by him. Unquestionably the construction or maintenance of the opening in the sidewalk without lawful authority was a nuisance, and for any damage resulting therefrom to another the person who created, as well as the one who knowingly maintained, the nuisance, was answerable. Congreve v. Smith, 18 N. Y. 79; Congreve v. Morgan, Id. 84; Irvine v. Wood, 51 N. Y. 224; Clifford v. Dam, 81 N. Y. 52; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424; Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193; Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132; Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373. Neither was the lessee or occupant of the premises to which the nuisance was appurtenant absolved upon showing merely that the nuisance was created by his lessor, the owner, or another, if at the same time it appeared that he knowingly acquiesced in its existence or maintenance; and such acquiescence was sufficiently apparent from the lessee's or occupant's use of the nuisance. Wood, Nuis. p. 80, § 77; Cooley, Torts (2d Ed.) 724; Shear. & R. Neg. §§ 56, 361; Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193; Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373; Irvine v. Wood, 51 N. Y. 224; Wasmer v. Railroad Co., 80 N. Y. 212; McParthand v. Thoms (City Ct. Brook.) 4 N. Y. Supp. 100; Blunt v. Aikin, 15 Wend. 522; Irvin

v. Fowler, 5 Rob. (N. Y.) 482; Irvin v. Wood, 4 Rob. (N. Y.) 138; Vedder v. Vedder, 1 Denio, 257; Waggoner v. Jermaine, 3 Denio, 306; Brown v. Railroad Co., 12 N. Y. 486.    Proof of municipal consent to the maintenance of the opening in the sidewalk, however, relieved the opening of its character as a nuisance.    Irvine v. Wood, 51 N. Y. 224; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424; Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132; Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373.    It did not appear in the case at bar, from any municipal ordinance or from any statute, that such a consent was required to be in writing, and an oral consent, therefore, was sufficient.    Such oral consent appeared inferentially from the fact that the existence of the opening was notorious for upwards of one year before the accident, and continued uninterruptedly and without objection.    Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132.    Notwithstanding the defendant's omission to plead a municipal consent (Irvine v. Wood, 51 N. Y. 224), we think the fact was available to him under his denial of the plaintiff's allegations that the opening in the sidewalk was "wrongfully and unlawfully" maintained, and that she sustained her injury from the "wrongful" acts of the defendant.    "It was not a defense necessary to be pleaded. It went to the root of the cause of action, and tended to show that there never had been any liability on the part of the defendants.    It was not an affirmative defense which in substance admitted an original cause of action, but showed facts which operated as a satisfaction thereof.    It was not like a defense of payment, or a release, or an accord and satisfaction.    If operative, it showed there never had been any liability, and hence it was admissible under the defendant's denial of any liability, as set out in the complaint." Demarest v. Flack, 128 N. Y. 205, 28 N. E. 645.    The judgment should be affirmed, with costs.

DALY, C. J., concurs.

PRYOR, J. (dissenting).    The complaint alleges the "wrongful and illegal" construction of the coal hole in the sidewalk by the owner of the premises; that the defendant, as lessee, maintained the nuisance; and that from the nuisance, so maintained, the plaintiff suffered injury.    From these facts, if supported by proof, the necessary legal conclusion was a judgment for the plaintiff.  Clifford v. Dam, 81 N. Y. 52; Jennings v. Van Schaick, 13 Daly, 438.  The existence of the obstruction in the highway, defendant's responsibility for it, and plaintiff's injury by it were established by uncontradicted evidence, and yet the complaint was dismissed, because the defendant's negligence was not apparent.    In such a cause of action, negligence is not an element.    Clifford v. Dam, supra.    The prevailing opinion upholds the judgment against the plaintiff on a different ground from that upon which the learned trial judge dismissed the complaint,—on the ground, namely, of a permit from the city to construct the coal hole.    But this contention is untenable for two reasons:    First, license to construct the coal hole was an affirmative defense, not available unless pleaded (Clifford v. Dam,

supra), and there is no hint in the answer of any such permission; secondly, there is not a suggestion in the evidence of a license to construct the coal hole.    It is said, however, that an inference of such license may be deduced by the court from the fact of the existence of the obstruction for "upwards of a year"; and the authority adduced in support of the proposition is Babbage v. Powers, 130 N. Y. 281, 39 N. E. 132.    In Babbage v. Powers, a license was pleaded, and the court held that it was proved by the fact that the coal hole "had been constructed with knowledge of the city officials, and had been used for nine years."    This may be sufficient evidence of acquiescence, but does not involve the implication that the mere existence of the obstruction for "upwards of a year," without another circumstance, is such proof of a license as requires that the case be taken from the jury.    The plaintiff is defeated upon a defense neither pleaded nor proved.    Consistently with familiar principles and due submission to the authority of the court of appeals, I cannot concur in the conclusion of the majority.    The judgment should be reversed.