(153 App. Div. 528.)

JOSTLEN v. GREAT ATLANTIC & PACIFIC TEA CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

MUNICIPAL CORPORATIONS (§ 822*)—STREETS—OBSTRUCTIONS—LIABILITY.

Where, in an action for injuries received by plaintiff while removing a wagon which defendant had left overnight in an alley in a city, the court submitted the issues whether the alley was a public highway, whether the wagon was a nuisance, and whether it caused the injuries, and charged that the burden was on plaintiff to establish his case by a preponderance of the evidence as to the character of the street, that there was a nuisance there, and the character of his injuries; that plaintiff was not bound to any special care, but to so act as not to bring the injuries on himself deliberately, and that he could not claim damages if, by his own act, he brought the injuries on himself, an instruction at the close of the charge, that if defendant obstructed a public thoroughfare, thereby creating a nuisance, and plaintiff was injured thereby, defendant could not be relieved from liability by any act of plaintiff, unless it could be affirmed that he caused the injuries himself, with full knowledge of its probable consequences, was erroneous in holding that defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant was liable, unless plaintiff caused the injuries himself, with full knowledge of the consequences.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1758–1762; Dec. Dig. § 822.*]

Smith, P. J., and Betts, J., dissenting.

Appeal from Trial Term, Columbia County.

Action by Willard H. Jostlen against the Great Atlantic & Pacific Tea Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Chace Bros., of Hudson, for appellant.
McNamee & Brennan, of Hudson, for respondent.

LYON, J. The plaintiff was injured while engaged in removing a wagon which the defendant had left overnight in Cherry alley, in the city of Hudson, in a wheel of which the whiffletrees of the ice wagon upon which plaintiff was riding had become entangled. The court submitted to the jury four propositions: as to whether Cherry alley was a public thoroughfare; if so, whether defendant storing its wagon in Cherry alley constituted a nuisance; if so, whether such nuisance caused injury to plaintiff; and, lastly, the amount of damages.

In trying to remove defendant's wagon, so that plaintiff's wagon might pass, plaintiff cramped defendant's wagon, so that one of the front wheels rested against the hub of plaintiff's wagon. Plaintiff then went to the end of the thill of defendant's wagon, and, while endeavoring to draw the wagon away, having both hands at the end of the thill, the team of plaintiff's wagon started, throwing the thill to the north and forcing plaintiff against a brick wall with iron projections, driving the thill into plaintiff's body at the lower extremity, injuring him seriously.

The court charged the jury that the burden was on the plaintiff to establish his case, by a preponderance of evidence, as to the character of the street; that there was a nuisance there; that he was hurt as a result of a nuisance, and the character of his injuries. Also that the plaintiff was not bound to any special care; that all he was bound to do was not to bring the injury upon himself deliberately or by rank carelessness; that in trying to extricate the whiffletree from the wheel of the wagon he was bound to do it in such a way as a reasonably prudent man would do it; that he could not be excused or claim damages against the defendant if, by his own act, he brought the injury upon himself; and that it must have been the result, not of his act, but of the nuisance which existed there.

At the close of the charge plaintiff's attorney requested the court to charge:

"If the jury believe the defendant obstructed a public thoroughfare, which amounted to a nuisance, and that the plaintiff was injured thereby, the de-

fendant cannot be relieved from the liability by any act of the plaintiff, Jostlen, unless it be by an act from which it can be affirmed that he caused the injury himself, with a full knowledge of its probable consequences. The Court: I so charge"

—to which the defendant excepted. The verdict was for $2,000. This request was too broad, and was erroneous in holding that the defendant was liable, unless plaintiff caused the injury to himself, with a full knowledge of its consequences. This instruction coming at the close of a somewhat extended charge was prejudicial, and requires a reversal of the judgment and order appealed from.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur, except SMITH, P. J., dissenting in opinion in which BETTS, J., concurs.

SMITH, P. J. (dissenting). The burden was put upon the plaintiff of showing, by a preponderance of evidence, that this street was a public street, that the obstruction of this street caused the injury, and of showing the extent of the injury. Under this state of facts, the only defense would seem to be that the plaintiff, by gross carelessness, caused the injury himself; and that would seem to be a defense to be pleaded and proved by the defendant. In Clifford v. Dam, 81 N. Y. 57, Church, C. J., writing in an action for a nuisance, says:

"It was not even necessary in the first instance that he [plaintiff] should prove a want of contributory negligence, for the reason that the action is not founded upon negligence, but upon a wrongful act. If there was any justification for the act, it was incumbent upon the defendant to allege and prove it. If the plaintiff caused the injury himself, as, if he voluntarily jumped into the hole, he could not recover, but he was bound to no special care to avoid such an accident."

In Congreve v. Smith, 18 N. Y. 83, is quoted with approval the remarks of Cowan, J., in Dygert v. Schenck, 23 Wend. 446, 35 Am. Dec. 575, to the effect that if one be guilty of a nuisance "the utmost care to prevent mischief will not protect him, if the injury happened without gross carelessness on the part of the sufferer."

In Muller v. McKesson, 73 N. Y. 195, 29 Am. Rep. 123, and also in Lynch v. McNally, 73 N. Y. 347, it is held, to constitute a defense in an action for damages for the bite of a vicious dog, it must be established "that the person injured did some act from which it may be affirmed that he brought the injury upon himself." The keeping of a vicious dog is a nuisance. The rule of law thus held is substantially the rule of law charged by the court, which is made by the prevailing opinion the ground of reversal. But even if the charge of the court goes a step further it is harmless, because there was no evidence in the case which would have justified the court in submitting to the jury the question of plaintiff's carelessness or gross negligence. Upon the evidence two questions of fact only arose: First, whether defendant had created a nuisance; and, secondly, the extent of the injury. For these reasons, I vote for affirmance of the judgment.