(94 Misc. Rep. 312)

## BRODSKY v. HIBEL et al.

(Supreme Court, Appellate Term, Second Department. March Term, 1916.)

1. PLEADING ⚖══369(1)—ELECTION—CAUSE OF ACTION—CODE.

Under the Code, the pleader is not required, but is forbidden, to state the theory of liability on which he relies. He must state the facts only, and can be required to elect between grounds for recovery only when one claim is entirely inconsistent with the other.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199, 1200; Dec. Dig. ⚖══369(1).]

2. MUNICIPAL CORPORATIONS ⚖══819(1)—DEFECTS IN SIDEWALKS—EVIDENCE—NEGLIGENCE.

In an action for injuries caused by stepping into a coal hole appurtenant to defendant's premises, evidence that the cover of the hole was located where vehicles passed over it, and that it was cracked and mended with sheet iron and tin, and a substantial part thereof missing, is sufficient to show negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1739; Dec. Dig. ⚖══819(1).]

3. WITNESSES ⚖══246(1)—EXAMINATION BY COURT.

It is not error, in a case tried by the court, for the judge to participate in the examination of witnesses.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 852, 856; Dec. Dig. ⚖══246(1).]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Jacob Brodsky against Harry Hibel and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued March term, 1916, before BLACKMAR, KAPPER, and CALLAGHAN, JJ.

Simon Berg, of Brooklyn (Max H. Newman, of Brooklyn, of counsel), for appellants.

Arthur Hutter, of New York City, for respondent.

BLACKMAR, J. Plaintiff stepped into a coal hole in front of and appurtenant to defendants' premises, and badly sprained his ankle and bruised his leg and chest, for which he recovered damages in an action tried by the court without a jury, and defendants appeal.

The facts alleged in the complaint state a cause of action either for nuisance or negligence. The plaintiff, at the end of his case, without being required by the court, elected to stand on negligence. Subsequently, with permission of the court, he withdrew the election. No point is made of this on appeal; but it gives me an opportunity to state my theory of pleading.

[1] The Code nowhere requires a pleader to state any theory of liability on which he relies. In fact, it forbids it; for it provides that the plaintiff shall state the facts constituting the cause of action. He is not required or permitted to put a label on the facts. If the facts stated show liability for creating or maintaining a nuisance, then the action is in nuisance. If they show liability for negligence, then the

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action is in negligence. If the facts show both nuisance and neg gence, the plaintiff may proceed on both theories. It may be that the case lies so near the dividing line that it cannot be told whether the facts established show nuisance or negligence until the tribunal passes on them. The notion that a party may be compelled to elect the theory on which he proceeds is a survival of the effeté idea that a party should win or lose according to the success of his counsel in guessing what theory of law the court that tries the case will adopt. Our modern practice requires that facts only, and not theories, be pleaded. An election may be required when one claim is entirely inconsistent with another. This is not the case with nuisance and negligence, for both may exist at the same time on the same state of facts.

[2] The cover of the coal hole was broken and partly gone. It was before a shop where wagons and trucks were built, and evidently heavy vehicles were accustomed to be drawn over it. It had been cracked for two years, and mended with tin and sheet iron; and on the night in question there was a hole in it large enough to admit plaintiff's foot. There was no evidence of municipal authority to construct the coal hole, although, in Kuechenmeister v. Brown, 13 Misc. Rep. 139, 34 N. Y. Supp. 180 (reversed without considering the point in 1 App. Div. 56, 37 N. Y. Supp. 95), a divided Appellate Term, apparently overruling Clifford v. Dam, 81 N. Y. 52, held that, without being pleaded, municipal consent could be inferred from the existence of the hole for a year.

I think there is evidence to sustain plaintiff's cause of action on either theory; but, beyond question, in view of the fact that the cover was located where vehicles passed over it in going to a wagon and truck shop, and that it was cracked and mended with sheet iron and tin, and a substantial part of it missing on the night in question, the facts showed negligence.

[3] The appellant complains that the judge participated in the examination of witnesses. To sustain his complaint on this ground would be to hold that a judge, sitting as a trier of facts, had no duty to try to find out what the facts are.

Judgment affirmed, with $25 costs. All concur.