■ ARLENE MARCUS, an Infant, by Her Guardian ad Litem, SAMUEL B. MARCUS, Respondent, v. LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Appellant.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of the Special Term properly made? Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALBERT O. ROSSI, Respondent.— Motion to dismiss appeal on the grounds (1) that the appeal is from an order and not from a judgment, and (2) that no appeal lies from a judgment on a demurrer dismissing one or more, but not all, counts of an indictment, renewed by permission on the argument of the appeal. Renewed motion denied. (See *People* v. *Rossi,* 7 A D 2d 648.) Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

■ PIETRO TRANI, Respondent, v. M. S. HOEGH MERCHANT, Defendant, and SKIBS A/S ARIZONA, Appellant.— Motion for reargument denied, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ JOHN CASSIDY, Appellant, v. ETHEL DONNER et al., Respondents.— Action by a pedestrian to recover damages for personal injuries, received when he fell through open cellar doors on the sidewalk, against Ethel Donner, the owner of the premises, and Henry and Mary M. Doherty, the tenants of a part of said premises on the ground floor, including the cellar thereunder. At the close of the entire case, the court dismissed the complaint as against the owner, and the jury rendered a verdict in favor of the tenants against the pedestrian. The appeal is from the judgment entered thereon. Judgment affirmed, with costs. No opinion. Wenzel, Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., concurs in the affirmance of the judgment insofar as it is in favor of the tenants and against appellant, but dissents from the affirmance of the judgment insofar as it is in favor of the owner and against appellant, and votes to reverse that part of the judgment and to grant a new trial, with the following memorandum: The record discloses that the respondent Donner did not surrender complete control of the cellar to the respondents Doherty. Under such circumstances the respondent Donner, as landlord, had the nondelegable duty of exercising due care with respect to the operation and maintenance of the cellar doors (*Pensa* v. *Raleigh Hall,* 243 App. Div. 816). Hence, it was error to have dismissed the complaint as against her. (See, also, *Clifford* v. *Dam,* 81 N. Y. 52.)

■ IRVLOR REALTY CORPORATION, Appellant, and DONALD H. JAFFEY, Appellant-Respondent, v. 62–114 IMLAY STREET CORP., Respondent-Appellant, and NAT FREEDMAN et al., Respondents.— In an action to rescind a contract for the exchange of real property, Irvlor Realty Corporation and Donald H. Jaffey appeal from so much of a judgment as dismisses the complaint after trial, and from so much of the findings of fact and conclusions of law as directs the entry of judgment dismissing the complaint. 62–114 Imlay Street Corp. cross-appeals from so much of said judgment as dismisses its counterclaims against Jaffey, and from so much of said findings of fact and conclusions of law as directs the entry of judgment dismissing said counterclaims. Judgment unanimously affirmed, without costs. No opinion. Appeals from findings of fact and conclusions of law dismissed. No separate appeal lies from findings of fact and conclusions of law. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.