### HOLROYD v. SHERIDAN et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

1. SIDEWALK—OBSTRUCTION—LEASED PREMISES—LANDLORD'S LIABILITY.

Where a barn abutting on a sidewalk is so negligently constructed that its doors, swinging outward, endanger the safety of foot passengers, the landlord and owner of the premises is equally liable with the tenant to a person injured by the nuisance.

2. SAME—BARN DOORS SWINGING OVER WALK—NUISANCE—LIABILITY TO PERSON INJURED.

Where a barn abutting on a sidewalk, and standing flush therewith, has large and heavy doors swinging outward over the walk to a third of its width, in such a manner as to obstruct the walk and endanger the safety of persons passing along it, such a structure constitutes a nuisance, for a special injury by which plaintiff can recover of the owner.

3. SAME—MUNICIPAL AUTHORIZATION—ALLEGATION—ABSENCE.

Where, in an action for injuries arising from an obstruction of a sidewalk, defendant has alleged no permission of the municipal officers authorizing the obstruction, he cannot prove such authorization.

Parker, P. J., and Edwards, J., dissenting.

Appeal from trial term, Saratoga county.

Action for injuries by Mary Holroyd against Thomas Sheridan and John E. Dwyer. From a judgment dismissing plaintiff's complaint on the merits as against defendant Sheridan, she appeals. Reversed.

Upon December 18, 1896, the defendant Sheridan was the owner of the hotel premises, Clifton House by name, in the village of Waterford, Saratoga county, a village of about 5,000 inhabitants. Connected with this house is a barn owned by defendant Sheridan, and both house and barn were at that time leased to the defendant Dwyer. The barn stood practically flush with the sidewalk, and had large heavy doors, which in opening and shutting swung over the sidewalk a little more than a third of its width. Upon the 18th day of December, 1896, these doors had been negligently left unfastened, and swung out and struck the plaintiff, who was lawfully using the sidewalk, breaking her arm in two places. For this injury she has brought action against the defendant Sheridan for maintenance of a nuisance, and against the defendant Dwyer for the same cause and negligence. She recovered a small judgment against Dwyer, which is not here in review. Her complaint against Sheridan was dismissed at the trial upon the merits, and from the judgment entered upon this dismissal this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, MERWIN, SMITH, and EDWARDS, JJ.

W. C. D. Willson, for appellant.
Thomas O'Connor, for respondent.

SMITH, J. That these premises were leased by Sheridan to Dwyer is admitted by the pleadings. If, then, the existence of this structure, with the doors swinging over the walk, constitutes a nuisance, the defendant Sheridan is liable equally with the defendant Dwyer. McGrath v. Walker, 64 Hun, 179, 18 N. Y. Supp. 915; Timlin v. Oil Co., 126 N. Y. 514, 27 N. E. 786. That this construction constitutes prima facie a nuisance seems to us clear. It hazarded the use of the sidewalk by those who had a right to its free use without peril. Whether the injury occurred by negligently permitting the wind to blow open the doors, or by negligently throwing back the doors, the improper construction of the doors that could be thus negligently made a cause of injury to those lawfully using the walk would seem to be an infringement of the rights of the public and a wrong. In McGrath v. Walker, 64 Hun, 182, 18 N. Y. Supp. 915, a pit in the sidewalk was held to be a nuisance because it imperiled the safety of travelers. In Congreve v. Smith, 18 N. Y. 82, it is said:

"The general doctrine is that the public are entitled to the street or highway in the condition in which they placed it, and whoever, without special authority, materially obstructs it, or renders its use hazardous, by doing anything upon, above, or below the surface, is guilty of a nuisance; and, as in all other cases of public nuisances, individuals sustaining special damage from it, without any want of due care to avoid the injury, have a remedy by action against the author or person continuing the wrong."

In Tinker v. Railway Co., 157 N. Y. 318, 51 N. E. 1032, Chief Judge Parker in writing for the court says:

"The primary purpose of highways is use by the public for travel and transportation, and the general rule is that any one who interferes with such use commits a nuisance. Indeed, the statute declares it to be a public nui-

sance, and a crime against the order and economy of the state, to unlawfully interfere with, obstruct, or tend to obstruct, a street or highway. Pen. Code, § 385."

The defendant has alleged no permission of the municipal authorities authorizing this construction, and without that allegation none can be proven. Clifford v. Dam, 81 N. Y. 53; Irvine v. Wood, 51 N. Y. 228. The trial court, therefore, improperly dismissed the complaint as against the defendant Sheridan.

Judgment reversed on law and facts, new trial granted, with costs to the appellant to abide the event. All concur, except PARKER, P. J., and EDWARDS, J., dissenting.