conceded that the contract had not been substantially performed, and also said:

"If you find that the contract was substantially performed, with the exception of these matters which the plaintiff offered to make good, and that he is unreasonably prevented from making it good, he is entitled to recover."

This proposition cannot be sustained. The defect being of a material character, the defendant had the right to terminate the contract, and to require the plaintiff to remove the mill, as not conforming to it, without regard to the intention of the plaintiff. Feinberg v. Weiher (Com. Pl.) 19 N. Y. Supp. 215; Brown v. Foster, 108 N. Y. 387, 15 N. E. 608; Glacius v. Black, 50 N. Y. 145; Smith v. Brady, 17 N. Y. 173; Pullman v. Corning, 9 N. Y. 93. If, however, the defendant agreed or assented to the substitution of a new tower, and the plaintiff procured one which would have been efficient and satisfactory, the act of the defendant in preventing its erection was a breach of the contract on her part which might, and probably would, entitle the plaintiff to recover his damages in an action brought for that purpose. If they could be recovered in this action, it would not avail the plaintiff, as he neither claimed nor proved damages arising from a breach of the agreement, nor from being prevented from performing it. Butler v. Butler, supra; Machine Co. v. Hutchinson, 1 App. Div. 380, 37 N. Y. Supp. 394.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

---

(60 App. Div. 184.)

BROWN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

NUISANCE—SLOT OF CABLE RAILWAY.
   A street railway, though authorized to construct a cable line in a street, may be held liable on the ground of maintaining a nuisance for injury to a person riding a bicycle on evidence that the slot was for a few feet one and a half to two inches wide, so that the bicycle went through it, while elsewhere it was only five-eighths to three-fourths of an inch wide.
   Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Samuel Brown against the Metropolitan Street-Railway Company. From judgment on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Gormly J. Sproull, for respondent.

RUMSEY, J. On Sunday, the 19th of April, 1898, the plaintiff was riding a bicycle down Broadway. For some distance above Canal street he had been riding on the slot in the western track of the defendant's road. Just before reaching Canal street, he came to a place where the slot was considerably wider than in other

places, and at that point the forward wheel of his bicycle went through the slot down to the hub, so that the plaintiff was thrown over the handle bars, and seriously injured. For these injuries he brought this action to recover damages. The complaint contained an allegation that the defendant maintained a nuisance at the point where this accident occurred. It also contained an allegation under which evidence of negligence would have been competent. At the close of the plaintiff's case the court required his counsel to elect whether he would go to the jury upon the question of negligence, or would proceed against the defendant for maintaining a nuisance at that place. Upon his declining to elect, the court held that the action was brought, and should be presented to the jury, upon the ground of the maintenance by the defendant of a nuisance at the place where the accident occurred. It was presented to the jury upon that theory, and resulted in a verdict for the plaintiff. The only question upon this appeal is whether it can be said that the defendant maintained a nuisance at the place where the accident occurred, or whether the plaintiff could recover only for the negligence of the defendant in not constructing the slot in such a way that the highway was safe. The undisputed evidence was that the usual width of the slot between the tracks was from five-eighths to three-fourths of an inch, but that at this point the slot as it had been originally constructed was from one and a half to two inches wide, and that it continued for that width for a very short distance, so that when the wheel of the plaintiff's bicycle went into the wide portion of the slot it was driven into the narrow part before its headway could be stopped, and was with difficulty extracted. Upon these facts it is claimed that the construction of the slot in this manner in the center of the highway was an unnecessary defect, and that the defendant was liable for it as though for a nuisance. Any unauthorized excavation in the highway which makes it dangerous to persons lawfully using the street is a nuisance. Wood, Nuis. §§ 312–314; Clifford v. Dam, 81 N. Y. 52. Where one sues for an injury caused by such a defect in the highway, it is not necessary for him to assume in his complaint that the defect was put in the highway by lawful authority, but he may proceed upon the notion that the defect is unauthorized, and therefore that it is a nuisance, and he may frame his complaint upon that theory. If the defendant has authority to make the excavation, he must set it up, and prove it. Not only must he prove the authority, but that the excavation which he claims he was authorized to make was properly made in pursuance of the authority. Clifford v. Dam, supra. If it appears that the purpose for which the defendant is authorized to make the excavation might have been attained without the creation of a nuisance in the highway, but that the opening was made in such a way as to create a nuisance, the defendant is not protected by the grant of the authority to interfere with the highway, and is still liable for the nuisance, not because he has interfered with the highway without authority, but because he has not exercised his authority in the only manner in which the privilege permitted him. President, etc., of Bordentown & S. A. Turnpike

Road v. Camden & A. R. & Transp. Co., 17 N. J. Law, 314; King v. Railroad Co., 18 N. J. Eq. 397. The jury might have found that that was the state of facts in this case. It appeared that the ordinary width of the slot was from five-eighths to three-fourths of an inch, which it might be inferred did not render the slot unsafe. It appeared that the slot at this particular place was from one and a half to two inches wide; that people riding their bicycles there had gone through it before; and from all this the jury might have found that the slot was unnecessarily wide, and therefore that the authority granted to the defendant to make this excavation in the highway was not pursued with proper care, and that, consequently, as the authority was not properly used, the defendant had created a nuisance. This conclusion requires that the judgment and order should be affirmed, with costs. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). I do not think there is any evidence to sustain a finding that the defendant maintained a nuisance. The defendant had authority to construct this railway on Broadway propelled by an underground cable, the connection between the car and the cable to be through an open slot in the roadway; and it is settled by a long line of authorities that, when an excavation is made in a street with the consent of the proper municipal authorities, the rule of liability rests upon the ordinary principles governing actions of negligence. The person receiving the license is held to impliedly agree to perform the act permitted with due care for the safety of the public, and is made liable for any violation of duty in this regard. It is undoubtedly true that, "when conditions, whether express or implied, are annexed to the license, substantial compliance therewith is essential to the protection of the licensee; but consent and compliance relieve the owner from the imputation of trespassing in doing the act consented to, and place him in the position of one liable for negligence only." Babbage v. Powers, 130 N. Y. 285, 29 N. E. 134, 14 L. R. A. 401. Undoubtedly, a person receiving authority or license to maintain a structure in the street upon conditions or limitations imposed by the authority granting the license would be bound by such limitations, so that, if he failed to comply with them in a material aspect, he would not be relieved from the charge of maintaining a nuisance. Still where such an authority has been granted the burden is upon the plaintiff seeking to recover upon a liability based upon a nuisance. Applying this rule, it seems to me that there was no evidence to justify a finding that the defendant was guilty of maintaining a nuisance. It was proved that this slot, which was necessary for the maintenance of a railroad operated by an underground cable, existed in Broadway from the Battery to about Fiftieth street, and was from five-eighths to three-fourths of an inch in width; that at Canal street, where there were numerous switches running from Canal street into Broadway, and also from one track to another, it was widened, so that for a few feet it was about one and a half inches wide; and that it has been so constructed from the time the road was built. That was all the evidence as to the construction of this slot. There was

no evidence that it was wider than was necessary for the proper management of the road at the location of these switches; no evidence that any condition had been imposed by the municipal authorities, or those having charge of the matter, limiting the size of the slot; nothing but the bare fact that at this particular point the slot was wider than at other places. This is clearly insufficient to justify a finding that the structure, as thus maintained, was a nuisance. I think the judgment should be reversed.