CLARENCE HUBBS, Appellant, *v.* FREDERICK SCHWANEFLUGEL and AUGUSTA BOTJEN, Respondents.

*Nuisance — an open trench in a sidewalk — permission from the city to open it must be pleaded.*

In an action to recover damages for personal injuries sustained by the plaintiff, in consequence of his falling into an open trench extending across the sidewalk in front of the defendants' premises, brought on the ground that the defendants, in permitting such trench to be open, were guilty of maintaining a nuisance, evidence that the city had given permission for the opening of the trench is not admissible unless it is pleaded.

APPEAL by the plaintiff, Clarence Hubbs, from a judgment of the County Court of Queens county in favor of the defendants, entered in the office of the clerk of the county of Queens on the 28th day of February, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of February, 1903, denying the plaintiff's motion for a new trial made upon the minutes.

*Constantine T. Timonier,* for the appellant.

*W. J. Foster,* for the respondents.

HOOKER, J.:

The plaintiff claims that the defendants were guilty of maintaining a nuisance by authorizing and permitting a trench to remain open across the city sidewalk in front of premises owned by them. The plaintiff fell into this trench and was injured. He appeals from a judgment in favor of the defendants, rendered upon a verdict of no cause of action, and from an order denying his motion for a new trial.

The judgment and order must be reversed for the error in permitting evidence of a permission from the city for the opening of the sidewalk. Such permission was not pleaded, and plaintiff objected to its reception upon that, among other grounds. It cannot be successfully contended that this permit did not have weight with the jury. The gist of the action is similar to *Clifford* v. *Dam* (81 N. Y. 52), and the rule there announced governing the admissibility of

this character of evidence, in the absence of an allegation in the answer, should have controlled the court below in the trial of this action. Similar questions have been raised in this court since the decision in the *Clifford* case, where the ruling there has been followed. (*Brown* v. *Metropolitan St. R. Co.*, 60 App. Div. 184; affd., 171 N. Y. 699; *Holroyd* v. *Sheridan*, 53 App. Div. 14.)

The judgment and order must, therefore, be reversed and a new trial ordered, costs to abide the event.

BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.