## HUBBS v. SCHWANEFLUGEL et al.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. SIDEWALKS—INJURY TO PEDESTRIAN—ACTION AGAINST ABUTTING OWNER—EVIDENCE—DEFENSE NOT PLEADED.

In an action for injuries received in falling into a trench allowed by defendants to remain open across the sidewalk in front of their premises, the admission in evidence of a permit from the city for the opening of the sidewalk—such permit not having been pleaded, and its reception having been objected to on that ground—was prejudicial error.

Appeal from Queens County Court.

Action by Clarence Hubbs against Frederick Schwaneflugel and another. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Constantine T. Timonier, for appellant.
W. J. Foster, for respondents.

HOOKER, J.  The plaintiff claims that the defendants were guilty of maintaining a nuisance by authorizing and permitting a trench to remain open across the city sidewalk in front of premises owned by them.  The plaintiff fell into this trench and was injured.  He appeals from a judgment in favor of the defendants, rendered upon a verdict of no cause of action, and from an order denying his motion for a new trial.

The judgment and order must be reversed for the error in permitting evidence of a permission from the city for opening of the sidewalk.  Such permission was not pleaded, and plaintiff objected to its reception upon that, among other grounds.  It cannot be successfully contended that this permit did not have weight with the jury.  The gist of the action is similar to Clifford v. Dam, 81 N. Y. 52, and the rule there announced governing the admissibility of this character of evidence, in the absence of an allegation in the answer, should have controlled the court below in the trial of this action. Similar questions have been raised in this court since the decision in the Clifford Case, where the ruling there has been followed. Brown v. Metropolitan St. R. Co., 60 App. Div. 184, 70 N. Y. Supp. 40, affirmed in 171 N. Y. 699, 64 N. E. 1119; Holroyd v. Sheridan, 53 App. Div. 14, 65 N. Y. Supp. 442.

The judgment and order must therefore be reversed, and a new trial ordered; costs to abide the event.  All concur.