(110 App. Div. 734.)·

## BLAKE v. MEYER.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREETS—PERSONAL INJURIES·
—ACTIONS—EVIDENCE.

In an action for injuries to a pedestrian on a public street, resulting from his falling over a cellar door, alleged to have been maintained by defendant so that the same was a nuisance, proof that at the time defendant made a lease of the premises was sufficient to raise a presumption of ownership.

2. TRIAL—OBJECTIONS TO EVIDENCE—TIME FOR MAKING.

In an action for injuries to a pedestrian on a public street, alleged to have been caused by his falling over a cellar door leading to defendant's premises, where objection and exception to testimony as to an admission by · defendant of ownership were made after the question calling for that specific answer had been put and answered, they came too late, as the remedy was a motion to strike out the answer.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 183–186, 233–236.]

3. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREETS—PERSONAL INJURIES —ACTIONS—ISSUES—PROOF AND VARIANCE.

In an action for injuries to a pedestrian on a public street, alleged to have been caused by his falling over a cellar door leading to defendant's premises, defendant could not, under a general denial, raise the question of municipal permission.

Appeal·from Kings County Court.

Action by Walter Blake against August F. H. C. Meyer. From an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and HOOKER, JJ.

Thomas C. Whitlock, for appellant.
Jacob Friedman, for respondent.

JENKS, J. The plaintiff complains that the defendant so constructed and maintained his cellar door that it was a nuisance; that while plaintiff was on his way along the public street, he stumbled over it and fell, to his injury. The defendant offered no evidence. I think that the plaintiff made out a case for the jury, and that there is no reason to disturb the verdict. The argument of the appellant upon the facts is pertinent to an action for negligence, rather than to this case. Clifford v. Dam, 81 N. Y. 52.

It is contended that the plaintiff failed to prove the ownership of the defendant. The plaintiff sought to establish it by proof that during this period the defendant leased the premises, that he repaired the door, and that he had told a witness that he owned the premises. I think that the lease was sufficient to raise a presumption of ownership in such a case. Conhocton S. R. Co. v. B., N. Y. & E. R. R. Co., 3 Hun, 523; Abbott's Trial Evidence (2d Ed.) 810. The testimony as to the repairs was received without objection. Objection and exception to the testimony as to admissions of ownership were made after the question that called for that specific answer had been put

and answered. The objection was too late, for the remedy was a motion to strike out the answer. Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696. There was no evidence to the contrary adduced or offered by the defendant. I think that the finding of ownership should not be disturbed.

The answer was only a general denial, and therefore the defendant could not· raise the question of municipal permission. Clifford v. Dam, supra; Hubbs v. Schwaneflugel, 87 App. Div. 604, 84 N. Y. Supp. 560.

The judgment and order are affirmed, with costs. All concur.