## LINZEY v. AMERICAN ICE CO.

(Supreme Court, Appellate Division, Third Department.   March 10, 1909.)

1. NUISANCE (§ 67*) — PUBLIC "NUISANCES"—PUBLIC DANGERS—VIOLATION OF STATUTE.

> Pen. Code, § 429, requiring one cutting ice to surround the openings with guards sufficient to obstruct the free passage of persons into the hole, and making the failure to do so a misdemeanor, is a mandatory condition to the right to cut ice, and the failure to do so at a place much used for skating, so as to endanger the lives of many persons, would constitute a nuisance within section 385, making it a public nuisance to unlawfully omit to perform a duty which endangers the safety of a considerable number of persons.

> [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 140; Dec. Dig. § 67.*

> For other definitions, see Words and Phrases, vol. 5, pp. 4855–4864.]

2. WATERS AND WATER COURSES (§ 294*) — PUBLIC UNNAVIGABLE STREAMS — USE.

> Where a creek was a public highway, its use for skating as well as for taking ice therefrom, subject to statutory restrictions, was lawful.

> [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 294.*]

3. NUISANCE (§ 76*) — PUBLIC NUISANCES — ACTION FOR DAMAGES—DEFENSES— CONTRIBUTORY NEGLIGENCE.

> An action for the death of plaintiff's son by falling into a hole from which defendant took ice without having fenced it, as required by Pen. Code, § 429, not being based on negligence, but being for damages caused by a nuisance, contributory negligence in its ordinary meaning was no defense; but if the boy voluntarily and deliberately skated into the hole, plaintiff could not recover.

> [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 185; Dec. Dig. § 76.*]

Appeal from Trial Term, Greene County.

Action by Clark W. Linzey, as administrator of Nile Linzey, deceased, against the American Ice Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Thomas D. Adams (A. T. Clearwater, of counsel), for appellant.

William W. Bennett (Frank H. Osborn, of counsel), for respondent.

SMITH, P. J.   The judgment appealed from followed a verdict for the plaintiff in an action brought to recover damages for the death of plaintiff's son, caused, as it is claimed, by the wrongful act of the defendant in leaving unguarded an opening made by the defendant by cutting ice from Catskill creek, in the village of Catskill, into which opening the defendant's son skated and was drowned. The location of the accident upon Catskill creek was in a thickly populated portion of Catskill, where many persons skated in the winter season. Upon the borders of this creek the defendant had two icehouses. Some fences were put across the creek, about a half mile apart, above and below these two icehouses, and some other fences intermediate, sur-

rounding certain portions of the ice from which cuttings were made. There was no fence or guard, however, surrounding the portion of the ice from which this cutting was made which caused this accident.

It is not disputed that this creek is a public highway, open to all citizens of the state. The plaintiff's son skating thereupon was in the exercise of a lawful right. The defendant, too, had the right to take ice therefrom with certain restrictions. That right, however, has been by the Legislature conditioned for public safety. Those conditions are contained in section 429 of the Penal Code, which reads as follows:

"A person or corporation cutting ice in or opening in waters within the boundaries of this state, for the purpose of removing the ice for sale or use, must surround the cuttings and openings made, with fences or guards of boards or other material sufficient to form an obstruction to the free passage of persons through such fences or guards into the place where such ice is being cut. Such fences or guards must be erected at or before the time of commencing the cuttings or openings, and must be maintained until ice has again formed therein to the thickness of at least three inches, or until the ice about such openings has melted or broken up. Whoever omits to comply with this section is guilty of a misdemeanor."

This, being an act for the public safety, must be deemed mandatory and as conditioning the right to cut the ice. As an interference with the public highway in a place much used for skating, where the lives of many persons are endangered, unless the conditions are complied with, the act constitutes a nuisance. Pen. Code, § 385; 21 Am. & Eng. Ency. of Law, 683. In Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459, a coal hole in a sidewalk had been left unguarded. In that case it was held:

"Where such an opening has been made with consent of the municipality, it is not in and of itself a nuisance; but the consent being conditioned upon certain modes of use, if the opening is left unguarded it becomes a nuisance."

The same principle is held in Brown v. Met. St. R. Co., 60 App. Div. 186, 70 N. Y. Supp. 40, affirmed 171 N. Y. 699, 64 N. E. 1119. In Uggla v. Brokaw, 117 App. Div. 592, 102 N. Y. Supp. 862, the opinion reads:

"In many instances it is essential to allege in some form that the act was unlawful, in order to warrant a recovery upon the theory of nuisance, as, for instance, where a public street or place has been interfered with by placing an obstruction therein, or opening or undermining the surface thereof without obtaining a permit from the public authorities having control of the street, and in such case the liability is absolute as matter of law, unless the defendant pleads and proves a license and due compliance with its conditions."

It is not necessary in this case to hold that the failure to surround this opening constituted a nuisance as matter of law. This question was submitted to the jury as a question of fact, and the jury has found that the defendant did fail to comply with the conditions required by the statute, and that the lives of a considerable number of persons were endangered, and that the act of the defendant in leaving unguarded the cutting constituted a nuisance.

As this is not an action of negligence, contributory negligence in its ordinary meaning is not a defense. Muller v. McKesson, 73 N. Y. 204, 29 Am. Rep. 123; Clifford v. Dam, 81 N. Y. 57; Lynch v. McNally, 73

N. Y. 347. The learned trial judge properly charged the jury that if the boy, "by his own voluntary, deliberate act skated upon that ice, and was in that manner careless, and in that manner contributed to and brought about his own death," his act forfeited and destroyed the plaintiff's cause of action.

The case of Sickles v. New Jersey Ice Company, 153 N. Y. 83, 46 N. E. 1042, holds no different rule. That case was tried purely as a question of negligence, and Judge Haight starts his opinion with the statement that the action is brought to recover damages resulting from the death of plaintiff's intestate, "alleged to have been caused by defendant's negligence." As far as appears in the report of the case, there was no claim made by plaintiff's counsel in that case of any liability resting upon a wrongful act as constituting a nuisance. Inasmuch as the case was thus presented to the court as a question of negligence, we cannot assume that the decision intended to change the rules of liability for an act constituting a nuisance, which have remained for many years unquestioned.

The judgment and order should, therefore, be affirmed, with costs.

Judgment and order unanimously affirmed, with costs. All concur; KELLOGG, J., in result.