(153 App. Div. 431.)

CARUSO v. TROY GAS CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

1. ELECTRICITY (§ 14*)—INJURIES·INCIDENT TO PRODUCTION—NEGLIGENCE.

One building a low structure on a street for use during a celebration, and installing in it converters carrying a high electric current to be connected with wires entering into the building, owes to the public the duty of seeing that the situation about the building and the converters is reasonably safe; and a violation of such duty, resulting in the death of a boy by electric shock while attempting to climb upon the roof, creates a legal liability for his death.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 7; Dec. Dig. § 14.*]

2. ELECTRICITY (§ 19*)—INJURIES INCIDENT TO PRODUCTION AND USE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether a boy, killed by electric shock while attempting to climb on the roof of a temporary structure on a street for use during a celebration, was guilty of contributory negligence, held for the jury.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. § 19.*]

3. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS.

Where the complaint charged defendant with negligence in installing in a temporary building on a street converters carrying a high electric current, and that in consequence thereof a boy was killed by electric shock while attempting to climb on the roof of the structure, and the liability of defendant was clear on the facts conceded, a judgment for plaintiff would not be reversed, because the judge submitted the case as one of nuisance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

4. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—ERROR FAVORABLE TO APPELLANT.

A defendant, in an action for negligence in the erection of a temporary structure in a street and the installation therein of converters carrying a high electric current, who is permitted by parol to prove authority from the city to construct the structure, though the granting of a permission is not alleged in the answer, obtains a ruling more favorable than he is entitled to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

5. ELECTRICITY (§ 16*)—ERECTION OF STRUCTURES IN STREETS—PERMITS—EFFECT.

A permit from a city for the erection by one of a temporary structure in a street for a celebration, and the installation therein of converters

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

carrying a high electric current, does not carry the right to install the wires in such a manner as to endanger the public.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 9; Dec. Dig. § 16.*]

Houghton, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Angela Caruso, administratrix of Luigi Caruso, against the Troy Gas Company. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

John F. & W. H. Murray, of Troy, for appellant.

Shaw, Bailey & Murphy, of Troy (H. B. Bailey, of Troy, of counsel), for respondent.

JOHN M. KELLOGG, J.. The Chamber of Commerce of the city of Troy entered into a contract with one Payton for the installation of wires through said city for the purpose of an electrical display at the Fulton-Hudson Celebration. The defendant erected upon Church street, 8 or 10 feet south of Broadway, upon the sidewalk, a little building or boxlike structure, a lean-to, setting up against the wall of the building next the sidewalk, and extending out, practically covering the sidewalk. The structure was about 8 feet high next to the building, and about 7 feet 8 inches high near the curb. Its length along the sidewalk was about 12 feet 6 inches. Church street was a narrow street or alley, but was paved and had sidewalks. The defendant installed in the building two converters, carrying an electric current of 2,300 volts. The contractor for the Chamber of Commerce brought the wires into the building at the side of the curbing, under the eaves, and apparently about 7 feet above the walk, and the defendant connected up the wires with the converters. The door of the little building was locked, and the defendant and the contractor each had a key, and either could turn the current on or off. The defendant was furnishing the current of electricity. When erected, there was a sign upon the door of the little building, marked "Danger—2,300 volts." The plaintiff's intestate and two other boys in the evening were out seeing the parade, which was going by on Broadway. From across the street they saw this little building, ran over to it, and attempted to climb upon the roof. The plaintiff's intestate found a tin can, stood upon it, and in trying to climb upon the roof grabbed the wires entering the little building, and received an electric shock which caused his death. He was about 18 years of age. The policeman arriving upon the scene immediately after the accident saw no danger sign on the structure.

[1] A motion for nonsuit was made and argued by counsel. The court intimated that the wires were installed by the Chamber of Commerce, and perhaps it would be responsible, but that it could not see

how the Gas Company had done anything for which it was responsible, whether it was a nuisance or not, but finally submitted the case to the jury as to whether the defendant was maintaining a nuisance which caused the intestate's death. The court was in error in saying that the defendant had done nothing for which it was responsible. The improper wiring alone did not cause the death. It was caused by a combination of circumstances. The defendant built a low structure upon the street for use during the celebration. Its height was such that boys might naturally desire to climb upon it to view the parade. The wires entered the building in an improper manner, and without proper protection, and with entire disregard to the safety of others. The defendant brought into the building a current of 2,300 volts of electricity to its converters, which were there reduced to 110 volts. Before connecting the wires with its converters, and putting in use the building which it had erected, and supplying its current, the defendant owed some duty to the public to see that the situation about the building and the converters was reasonably safe, and by a violation of that duty it conducted its business in a negligent manner, and thus brought about the intestate's death. The court submitted to the jury to determine whether the defendant was maintaining a nuisance, and whether the death was caused by the deliberate act of the boy, or the act of the defendant, calling attention to the fact that the boy was a strong, healthy, robust, intelligent boy, and permitting the jury to take that into consideration in determining whether, in climbing upon the building, he was reckless, careless, and wanton. The jury found for the plaintiff $1,500 damages. The Presiding Justice set the verdict aside upon the ground that, as matter of law, there was no nuisance, and that there was no cause of action against the defendant.

[2] The complaint is framed in negligence, charging that the defendant negligently carried its wires close to the sidewalk, into a box on the sidewalk carelessly and unlawfully constructed and maintained by the defendant, which was a trap and thus likely to entice and lure children and others to climb upon the same; that the wires and box were dangerous, and that the wires were unguarded, to which was added the allegation:

"And, further, said box and wires and apparatus at the time hereinafter mentioned constituted a nuisance."

The accident was unnecessary, and was due to the careless and dangerous manner in which the defendant was conducting its current of electricity to or from its building. Whether the intestate's negligence precluded a recovery was a question for the jury, which has been solved against the defendant.

[3] Conceding that the intestate was free from negligence, the liability of the defendant upon the conceded facts is clear, and the judgment should not be reversed because the judge, instead of submitting the case to the jury as one of negligence, named it as one of nuisance.

[4] The defendant was permitted to prove by parol authority from

the city to construct the boxlike structure, although no such permission was alleged in the answer. The ruling in that respect was more favorable to the defendant than it had the right to expect. Clifford v. Dam, 81 N. Y. 52; Blake v. Meyer, 110 App. Div. 734, 97 N. Y. Supp. 424. ·

[5] The alleged permit clearly did not cover the right to install the wires in such a manner as to endanger the public. A new trial cannot result in any good to the parties concerned. The order setting aside the verdict should therefore be reversed, and the verdict reinstated, with costs to the appellant. All concur, except HOUGHTON, J., who dissents.