DANIEL O'CONNOR, as Administrator, etc., of DENIS O'CONNOR, Deceased, Appellant, v. SIMON DUBNIZKY and Others, Respondents.

First Department, June 18, 1929.

*Jeremiah A. O'Leary*, for the appellant.

*Everett W. Bovard* of counsel [*Norman G. Hewitt*, attorney], for the respondents.

MARTIN, J. Daniel O'Connor, as administrator, brought this action to recover damages for personal injuries which caused the death of Denis O'Connor. His death resulted from an injury received from a fall down a flight of steps leading to the basement store of premises No. 1713 Lexington avenue, New York city, owned by the defendants.

The plaintiff's intestate lived with the superintendent of premises No. 1715 Lexington avenue, New York city, for a period of about six weeks prior to the accident. He was a young man, thirty-one years of age, and was employed for some time as a paper handler for the New York *Evening Journal.*

In front of the premises in question the defendants owned and maintained a stairway consisting of three steps. The top step extended about three inches above the sidewalk level and was at the edge of the areaway. From this point the steps led down into an open areaway to a depth of about thirty inches below the sidewalk level and thence into the basement store. The areaway, the entrance to which was thus obstructed, extended beyond the building line and into the public highway.

The top step was of stone, but the other steps leading therefrom into the areaway were made of wood, and the floor of the areaway was of concrete or stone. At the foot of the steps and just to the left of the basement store entrance, is a cellarway with wooden doors leading into the cellar.

It was shown that there was no railing or guard in front of the stairway as required by the Code of Ordinances of City of New York (chap. 23, §§ 140, 161, 164) and it is contended that the entire structure was unlawful in all respects.

The accident occurred on May 10, 1924, between twelve-fifteen and twelve-thirty A. M. On that morning the plaintiff's intestate

and a friend, John J. Sheehan, stopped to talk in front of the premises No. 1713 Lexington avenue. They stood facing each other, Sheehan facing the building, and the plaintiff's intestate facing toward the roadway, with one foot against the raised obstruction. When they were about to part, the decedent turned about sharply to walk the few remaining feet to the stoop leading to No. 1715 Lexington avenue, where he lived, and as the witness Sheehan described it, " he turned around  *  *  *  and tumbled over  *  *  *  backwards " into the areaway.

The evidence established that the decedent was caused to fall into the areaway by tripping over the raised obstruction on the sidewalk as he turned to approach the entrance leading to his home; that if the obstruction had not been there, he would not have tripped and fallen into the areaway; that if the areaway had been properly guarded, the deceased could not have fallen into it in any event.

The witness Sheehan testified that he rushed to the aid of the deceased and found him lying on his back in the areaway; that he placed him in a sitting position, with his back against the basement window; that the decedent was breathing heavily and was unconscious. Sheehan left him in this position and went upstairs to summon aid. Unable to obtain aid, he returned and remained with the injured man until defendants' janitor came home from work and helped the witness carry the injured man to his room, where he was attended by a doctor. At the doctor's request he was removed to the Harlem Hospital, where, without regaining consciousness, he died about seven o'clock the same morning. The cause of death was diagnosed as a fracture of the skull.

On the trial the plaintiff, appellant, contended that the defendants unlawfully maintained a dangerous obstruction elevated above the sidewalk, immediately in front of an areaway opening on the public highway; that they maintained this condition for about eleven years contrary to the provisions of the Municipal Ordinances of the City of New York, and that the conditions shown by the plaintiff to exist constituted a nuisance.

At the conclusion of plaintiff's testimony the defendants moved to dismiss the complaint upon the ground that there was no evidence tending to establish the cause of action alleged in the complaint, which motion was granted.

The plaintiff having proved that there was a dangerous obstruction maintained by defendants in the public highway over which the decedent fell and was injured, he was entitled to have the facts passed upon by the jury. In view of the holding of the Court of Appeals in the cases of *Clifford* v. *Dam* (81 N. Y. 52)

and *Jorgensen* v. *Squires* (144 id. 280), it was error to dismiss the complaint. In the latter case the court said: " There can be no controversy as to the rule that an unauthorized obstruction or excavation in a public street, impairing its safety, constitutes a public nuisance and subjects the person or body creating or maintaining it to indictment and to liability in a civil action to any person sustaining special injury therefrom."

If the facts are disputed or the version of the accident given by the plaintiff's witnesses is incorrect, that may be shown upon the trial. Upon the facts set forth in this record the case should have been submitted to the jury.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.