Bessie Stern and Another, Plaintiffs, v. Zerinsky Realty Corporation, Defendant.

Supreme Court, New York County, April 3, 1930.

N. S. Zucker and M. Feltenstein, for the plaintiffs.

H. M. Phillips, for the defendant.

Callahan, J.   Action tried by the court without a jury.

This defendant owned a tenement house at 150 Mott street, New York city.   A cellarway which extended about five feet beyond the building line was maintained in the sidewalk in front of the premises.   Around the edge of this cellarway was erected a concrete sill or step four inches wide which rose about one and three-fourths inches above the sidewalk level.   The sides of this cellarway were guarded by railings which extended along the full extent of both sides of the opening.   The plaintiff, while walking along the sidewalk in the day time, was severely injured when she stumbled against the narrow end of this sill running at right angles to the building.   In some manner she fell sideways around the end of the railing and down the cellar steps.   She did not appear to be guilty of any contributory negligence.   Plaintiff proceeded on the theories of both negligence and nuisance.   It appeared that the cellarway in question has existed for about twenty-five years. The plans filed at the time the building was constructed showed

the location of the cellarway, and were approved by the municipal authorities. Under the circumstances disclosed herein the consent of the municipality may be implied. (*Jorgensen* v. *Squires*, 144 N. Y. 280.) The maintenance of the cellarway, therefore, was not a nuisance *per se*. (*Matter of Green* v. *Miller*, 249 N. Y. 88.) If it was not constructed or maintained in a dangerous manner, it could not be held to be a nuisance in fact nor in its maintenance negligence.

There was nothing inherently dangerous in the erection of the sill around the opening. It projected only a few inches beyond a higher step inclosing the areaway adjoining. That a pedestrian would stumble on such a slight projection and fall could not have been anticipated with reasonable foresight. The purpose of the sill was at least utilitarian, if not necessary in the construction of the opening. " When * * * the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence * * * the question of the defendant's responsibility is one of law." (*Beltz* v. *City of Yonkers*, 148 N. Y. 67, 70.) Even if it be one of fact, no finding of nuisance or negligence would be justified here. This case may be distinguished from that of *O'Connor* v. *Dubnizky* (226 App. Div. 571), in that there the accident occurred in the night time, and there was proof of violation of the city ordinance consisting of a failure to maintain the guards in front of the cellarway. In addition, the sill there was three inches high, and the plaintiff stumbled against the front of it in the darkness. The court held plaintiff made a *prima facie* case under the circumstances. No violation of any ordinance is involved herein.

Judgment is directed in favor of the defendant.